No. 56,026

STATE OF KANSAS, *Appellant,* v. KEVIN PATRZYKONT, and GREGORY MEIER, *Appellees.*

(680 P.2d 555)

Opinion filed April 27, 1984.

*Jerome A. Gorman,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the briefs for appellants.

*Jay H. Vader,* of Jenkins, Way, Turner & Vader, Chartered, of Kansas City, argued the cause and was on the brief for appellee Kevin Patrzykont.

*J. R. Russell,* of Kansas City, appeared for appellee Gregory Meier.

*Per Curiam:* This is an attempted appeal by the State from the dismissal of criminal charges against the defendants and other orders entered by the district court. Each defendant was charged with one count of burglary (K.S.A. 21-3715), one count of felony theft and two counts of misdemeanor theft (K.S.A. 21-3701).

On May 26, 1983, immediately preceding the scheduled preliminary hearing, both defendants made oral motions to suppress certain physical evidence recovered at the time of the arrest of the defendants and oral statements made by defendants at the same time. After oral arguments upon the motions, in which the State vigorously objected because they were not in writing (see K.S.A. 22-3215 and 22-3216), the court briefly questioned one of the arresting officers and then sustained the motions and dismissed all charges against both defendants. The State attempted, but unfortunately has failed, to appeal those rulings of the district court.

Following the dismissal on May 26, 1983, the State, on June 3, 1983, filed a motion for rehearing which was heard and denied on August 11, 1983. The State then filed a notice of appeal from

the orders of the district court "suppressing admissions and seized evidence." This appeal was docketed in the Court of Appeals as an interlocutory appeal pursuant to K.S.A. 22-3603.

No appeal from the order of dismissal was taken to the Supreme Court pursuant to K.S.A. 22-3602(b)(1). The Court of Appeals on October 3, 1983, issued an order to the State to show cause why the case should not be dismissed for several reasons including the failure to file a timely appeal and the failure to appeal from the order of dismissal. All parties responded to the show cause orders; however, the case was transferred to this court pursuant to K.S.A. 20-3018(c) before any ruling upon the motion. We think the order of the Court of Appeals had merit and that we lack jurisdiction of this case.

The State in its brief asserts that the appeal is an interlocutory appeal, pursuant to K.S.A. 22-3603, from the trial court's judgment suppressing the physical evidence and statements. Yet in its response to the order to show cause it argues that it is also appealing the dismissal of the complaint which would, of course, be governed by K.S.A. 22-3602(b). The problem with the State's argument is that it has not appealed from the order dismissing the complaint. Regardless of the merits of the State's position attacking the procedure and orders of the district court, we lack jurisdiction to consider those issues.

The order to show cause why this appeal should not be dismissed is sustained and the appeal is dismissed.